IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LISA DAWN MCINERNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-20-26-JFH-SPS |
| ) | |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Lisa Dawn McInerney requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-three years old at the time of the most recent administrative hearing (Tr. 1232). She has a high school equivalent education and has worked as a casino dealer and card room supervisor (Tr. 1232). The claimant alleges that she was unable to work from April 1, 2009, until March 1, 2018, due to depression, anxiety, arthritis, and back problems (Tr. 1230, 1526).

## Procedural History

In January 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 309-23). Her applications were denied. ALJ J. Frederick Gatzke conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 5, 2014 (Tr. 190-202). The Appeals Council vacated the ALJ's June 2014 decision and remanded it on October 26, 2015 (Tr. 209-12). ALJ Richard J. Kallsnick conducted a second administrative hearing and determined that the claimant was not disabled in a written opinion dated June 13, 2016 (Tr. 1251-64). The Appeals Council denied review, but this Court reversed in Case No. CIV-17-248-KEW and remanded the ALJ's June 2016 decision on September 28, 2018 (Tr. 1280-91). ALJ Bill James conducted a third administrative hearing and determined the claimant was not disabled in a decision dated September 26, 2019 (Tr. 1198-1215). The claimant did not file written exceptions to the

Appeals Council challenging the ALJ's September 2019 decision and the Appeals Council did not assume jurisdiction, so the ALJ's September 2019 decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never climbing ladders, ropes, and scaffolds (Tr. 1203). Due to psychologically-based factors, the ALJ found the claimant was limited to simple, routine, and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors, and the general public (Tr. 1203). The ALJ then concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *e. g.,* patch worker, housekeeping cleaner, and photocopy machine operator (Tr. 1214-15).

## Review

The claimant contends that the ALJ failed to follow this Court's Remand Order in Case No. CIV-17-248-KEW directing him to re-evaluate the claimant's credibility in light of her substantial work history. The undersigned Magistrate Judge finds this contention unpersuasive for the following reasons.

The ALJ found the claimant's obesity, osteoarthritis of the bilateral knees, major depressive disorder with anxious features, and pain disorder were severe impairments

(Tr. 1200-01). The relevant medical evidence reveals the claimant largely received treatment through the Cherokee Nation Redbird Smith Health Center, and her diagnoses included, *inter alia*, depression, dysthymia, anxiety, asthma, osteoarthritis, and bilateral knee pain. Her mental and physical examinations were consistently normal throughout the record.

Denise LaGrand, Psy.D. performed a consultative mental status examination of the claimant on April 11, 2012 (Tr. 586-90). She observed the claimant was cooperative, alert, and responsive, and that her affect was appropriate and consistent with her reported affect (Tr. 588). Dr. LaGrand administered the Montreal Cognitive Assessment, the results of which were normal (Tr. 588). She estimated the claimant's IQ to be low average or above (80 or higher) and indicated that the claimant's functioning was consistent with her educational history, job history, and estimated IQ (Tr. 588). Dr. LaGrand diagnosed the claimant with major depressive disorder with anxious features, well controlled with medication, and pain disorder due to general medical condition (Tr. 588).

On June 9, 2012, Dr. Jimmie Taylor performed a consultative physical examination of the claimant, the results of which were normal (Tr. 606-13). Dr. Taylor diagnosed the claimant with panic attacks, anxiety, depression, obesity, asthma, tendonitis right elbow, hyperlipidemia, gastroesophageal reflux disease, insomnia, leg cramps, and back pain (Tr. 608).

State agency psychologist Carolyn Goodrich, Ph.D. completed a Psychiatric Review Technique form on June 18, 2012, and found that the claimant's affective disorders were nonsevere (Tr. 614-27). Her findings were affirmed on review (Tr. 686).

State agency physician Kavitha Reddy, M.D. reviewed the record on August 8, 2012, and found the claimant had no severe physical impairments (Tr. 629). Her findings were affirmed on review (Tr. 687).

On September 24, 2012, licensed professional counselor Kari Dry completed a Medical Source Statement. She opined that the claimant would be absent from work about three or more days per month due to depression, anxiety, and panic attacks (Tr. 651). As to unskilled work requirements, Ms. Dry opined that in a routine work setting, the claimant could respond appropriately to supervision, but could not understand, remember, or carry out simple instructions; respond appropriately to co-workers or work situations; deal with changes; maintain concentration and attention for extended periods; handle normal work stress; or attend any employment on a sustained basis (Tr. 652). Additionally, Ms. Dry completed a Mental RFC Questionnaire wherein she found the claimant was unable to meet competitive standards or had no useful ability to function in sixteen of the twenty mental abilities and aptitudes needed to perform unskilled work she evaluated (Tr. 656-57). Ms. Dry concluded that the limitations she described had been applicable since December 2010 (Tr. 653).

Physical therapist Michele Shahan completed a Disability Functional Evaluation on June 1, 2016 (Tr. 1186-94). She opined that the claimant could perform less than sedentary work with a maximum occasional lifting ability of ten pounds (Tr. 1186). She further opined that the claimant could occasionally climb, reach, handle, and finger, but could never balance, stoop, crouch, kneel, crawl, push or pull (Tr. 1192-93). As to environmental

limitations, Ms. Shahan indicated the claimant could never be exposed to heights, moving machinery, chemicals, or dust (Tr. 1193).

At the most recent administrative hearing, the claimant testified that she was unable to work during the relevant period due to depression and anxiety, and that the thought of going to a job would scare her, make her feel trapped, and cause her to cry uncontrollably (Tr. 1235-38). She further testified that she would experience panic attacks when she was around more than two or three people but did not experience them often at home (Tr. 1237). As to her physical impairments during the relevant period, the claimant indicated she experienced urinary incontinence and back pain that affected her ability to sit and stand (Tr. 1238-39).

The claimant contends that the ALJ erred in analyzing her subjective statements because he did not discuss her substantial work history. The Commissioner uses a two-step process to evaluate a claimant's subjective statements of pain or other symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second . . . we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . .

Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *3 (October 25, 2017).[2]  Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation

---

[2] SSR 16-3p is applicable for decisions on or after March 28, 2016, and superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1. SSR 16-3p eliminated the use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of [a claimant's] character." *Id.* at *2.

as a three-part test. *See e. g., Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166-67 (10th Cir. 2012), citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).[3] As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. § 404.1529(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures the claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *See* Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *7-8. An ALJ's symptom evaluation is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias,* 933 F.2d at 801. An ALJ's findings regarding a claimant's symptoms "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but simply "recit[ing] the factors" is insufficient. *See* Soc. Sec. Rul. 16–3p, 2017 WL 5180304 at *10.

---

[3] Analyses under SSR 16-3p and *Luna* are substantially similar and require the ALJ to consider the degree to which a claimant's subjective symptoms are consistent with the evidence. *See, e. g., Paulek v. Colvin*, 662 Fed. Appx. 588, 593-4 (10th Cir. 2016) (finding SSR 16-3p "comports" with *Luna)* and *Brownrigg v. Berryhill,* 688 Fed. Appx. 542, 545-46 (10th Cir. 2017) (finding the factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms in 16-3p are similar to those set forth in *Luna*). The undersigned Magistrate Judge agrees that Tenth Circuit credibility analysis decisions remain precedential in symptom analyses pursuant to SSR 16-3p.

In his written opinion, the ALJ summarized the claimant's testimony and the medical evidence in the record.  In discussing the opinion evidence, the ALJ gave significant weight to the consultative opinions of Dr. LaGrande and Dr. Taylor (Tr. 1212).  He gave little weight to Ms. Dry's assessment of severe limitations because such limitations were inconsistent with her own treatment notes showing the claimant improved with medication (Tr. 1212-13).  The ALJ also gave little weight to Ms. Shahan's opinion because it was inconsistent with the claimant's own reports, Dr. Taylor's consultative examination, and physical examinations throughout the record showing normal gait, good extremity movement, and full range of motion (Tr. 1213).  Based on additional evidence submitted at the hearing level and the claimant's testimony, the ALJ found the claimant's asthma and mental impairments were severe, and he thus gave little weight to the state agency medical examiners' assessments (Tr. 1211-12).  In discussing the claimant's subjective symptoms, the ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . ." (Tr. 1209).  In making such conclusion, the ALJ noted several inconsistencies between the claimant's subjective statements and the medical and other evidence of record, including:  (i) her conservative treatment; (ii) repeat characterizations of her asthma as mild and intermittent; (iii) normal pulmonary examinations apart from asthma exacerbations; (iv) physical examinations showing full range of motion in her knees, a normal gait, and no reliance on an assistive device; (v) improvement in her pain with medication and exercise; (vi) her ability to work in late 2017 and/or early 2018; (vii) effectiveness of medication for her mental

impairments; (viii) normal mental status examinations; (ix) increased symptoms related to circumstantial stressors; and (x) her daily activities (Tr. 1209-11).

It is true, as the claimant contends, that the ALJ failed to follow this Court's order in Case No. CIV-17-248-KEW to discuss the claimant's work history on remand. Such failure would ordinarily result in automatic reversal here as well, and the undersigned Magistrate Judge strongly disapproves of the approach taken by the ALJ on remand in this regard. The ALJ did, however, otherwise fully re-evaluate the claimant's subjective complaints and provided numerous reasons supported by the record to discount them (Tr. 1209-11). Indeed, the claimant takes no issue with the ALJ's determination that her subjective complaints were inconsistent with the evidence of record. Under such circumstances, the undersigned Magistrate Judge finds that the ALJ's singular error in failing to follow this Court's order to discuss her work history on remand does not amount to reversible error because "the balance of the ALJ's credibility analysis is supported by substantial evidence in the record." *Branum v. Barnhart*, 385 F.3d 1268, 1274 (10th Cir. 2004). *See also Shockley v. Colvin,* 564 Fed. Appx. 935, 943 (10th Cir. 2014) ("Mr. Shockley's work effort does not overwhelm the evidence the ALJ relied on, as required for us to conclude that his credibility finding is not supported by substantial evidence."). Because there is no indication the ALJ misread the claimant's medical evidence taken as a whole, his evaluation of her subjective complaints is entitled to deference, *see Casias*, 933 F.2d at 801, and the decision of the Commissioner should therefore be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 23rd day of February, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**